UNITED STATES:

DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA:

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| Nikola Blagoev | ( | |
| Plaintiff, | ( | |
| v. | ( | |
| | ( | Case No: 1:25-cv-740 |
| Joseph M. Kirchgessner, Esq | ( | |
| & | ( | |
| Woehrle Dahlberg Yao, PLLC | ( | |
| Defendants. | ( | |

## COMPLAINT

COMES NOW the Plaintiff, Nikola Blagoev, by and through his counsel, Waleed Risheq, Esq. and Morgan & Morgan, DC, PLLC, brings this cause of action against the Defendants, on the grounds and in the amounts set forth herein.

## INTRODUCTION

1. Plaintiff, Nikola Blagoev seeks damages for legal malpractice against the attorney and the law firm Defendants that represented him in Blagoev v. Garden Hotels, LLC d/b/a Culpeper Inn, Case No. CL20-588. The dismissal of his claim with prejudice due to Defendants' months-long neglect of the case, ultimately violating a court

order, is a clear violation of the standard of care due a client from an attorney. Mr. Blagoev requests relief from this Court for the injuries he has sustained on account of their negligence.

## PARTIES

2. Plaintiff Nikola Blagoev ("Plaintiff" or "Mr. Blagoev") is a natural person and resident of Florida.

3. Defendant Woehrle Dahlberg Yao, PLLC ("WDY") is a Virginia professional limited liability company, authorized to conduct its business and practice law in the Commonwealth.

4. Defendant Joseph M. Kirchgessner ("Mr. Kirchgessner") is a natural person and resident of Virginia who was in the employ of Defendant WDY during the relevant events to this matter.

5. At all times relevant hereto, Defendant Mr. Kirchgessner, was employed by and acting as the apparent agent and/or servant of Defendant, WDY.

6. At all times relevant hereto, Defendant Mr. Kirchgessner was conducting business for his employer, WDY.

7. At all times relevant hereto, Defendant Mr. Kirchgessner, was acting in the course and the scope of his employment and/or agency relationship with Defendant, WDY.

## VENUE & JURISDICTION

8. Venue is proper in this court Pursuant to 28 U.S.C Section 1391(b)(2).

9. Jurisdiction is vested in the courts Pursuant to 28 U.S.C Section 1332(a)(1) as the amount in controversy exceeds $75,000.

## FACTS

9. The foregoing paragraphs are incorporated herein as if set forth in full.

10. Mr. Blagoev hired Defendants to represent him in his lawsuit against Garden Hotels, LLC d/b/a Culpeper Inn ("The Inn") for premises liability negligence concerning injuries he sustained from the explosion of a hair dryer on or about April 15, 2018 while staying at The Inn.

11. Mr. Blagoev's injuries resulted from the use, in an ordinary fashion and through no fault of his own, of an obsolete model wall-mount hair dryer provided by The Inn in the room of The Inn that he stayed in.

12. The hair dryer exploded adjacent to Mr. Blagoev's left ear, causing immediate and ensuing, permanent injury to Mr. Blagoev, irrevocably changing his life.

13. Whatever defect in the hair dryer caused the explosion was not obvious or readily apparent to Mr. Blagoev.

14. Before the incident which led to the lawsuit against The Inn, Mr. Blagoev was an award-winning musical artist, music professor, and scholar.

15. Mr. Blagoev's work in the music industry was his primary source of income. This work included but was not limited to handling and selling vintage vinyl records, teaching private lessons, conducting orchestras, and working as a music professor.

16. Since the incident, Mr. Blagoev has been unable to continue the line of work he was previously accustomed to performing.

17. Mr. Blagoev suffers symptoms such as constant ringing in his ears and hyper sensitivity to sound, which have rendered his ability to work in his chosen career field useless.

18. Mr. Blagoev has been diagnosed in relation to this incident with acoustic trauma, 8-12% sensorineural hearing loss in his left ear, tinnitus, hyperacusis, threshold shift, asymmetry in hearing, aural fullness, and inner ear impact/damage.

19. Mr. Blagoev has been rendered unable to earn a living in the way which he was capable of before the incident, causing damages to his ability to earn a living.

20. Mr. Blagoev's conditions and disabilities that he has suffered as a result of the incident are permanent in nature with no possibility of recovery.

21. On April 9, 2020, Defendants filed a complaint against The Inn, initiating legal proceedings.

22. Defendants requested $7,000,000 in compensatory damages for Mr. Blagoev in the complaint against The Inn.

23. On April 30, 2020, counsel for The Inn filed an answer to the complaint, and discovery ensued thereafter.

24. On or about September 23, 2020, The Inn requested via email to Defendants to sign releases for the production of records that could not otherwise be subpoenaed.

25. On or about October 16, 2020, The Inn made a second request via email for the releases.

26. On or about December 3, 2020, The Inn made a third request via email for the releases.

27. On or about December 15, 2020, The Inn made a fourth request via email for the releases.

28. The Inn filed and noticed a motion to compel for production of the signed releases.

29. On the eve of the hearing, Defendants signed an agreed order compelling production of the signed releases on or before May 4, 2021. On April 13, 2021, the Court entered the order.

30. Defendants failed to comply with the Court order compelling production.

31. On or about May 27, 2021, The Inn filed a Motion to Dismiss the matter with prejudice.

32. On September 14, 2021, The Court ordered the Inn's Motion to Dismiss granted and dismissed the matter with prejudice.

## COUNT I
## BREACH OF CONTRACT

33. The foregoing paragraphs are incorporated herein as if set forth in full.

34. By engaging in the conduct set forth in the foregoing paragraphs the Defendants breached their contract for the provision of legal services to the Plaintiff. As a result of

the Defendants' breach, the Plaintiff has been damaged in that his underlying personal injury claim was dismissed with prejudice.

35. The Plaintiff has suffered damages as a result of the Defendants' breach in the amount of $10,000,000.

## COUNT II

### Statutory Liability for Professional Negligence

36. The foregoing paragraphs are incorporated herein as if set forth in full.

37. By engaging in the conduct set forth in the foregoing paragraphs the Defendants have neglected their duty to the Plaintiff and are liable to the Plaintiff for damages sustained pursuant to Virginia Code §54.1-3906.

38. As a result of the Defendants' neglect of their duty to the Plaintiff, the Plaintiff has been damaged in that his underlying personal injury claim was dismissed with prejudice.

39. The Plaintiff has suffered damages as a result of the Defendants' neglect of their duty in the amount of $10,000,000.

## COUNT III

### Common Law Negligence

40. The foregoing paragraphs are incorporated herein as if set forth in full.

41. As indicated in the foregoing paragraphs, as a result of the Defendants' undertaking to provide legal services to the Plaintiff, and their employment by the Plaintiff for that purpose, the Defendants had a duty of care to the Plaintiff to exercise the skill and knowledge ordinarily possessed by attorneys under similar circumstances, to exercise a

reasonable degree of care, skill, and dispatch in carrying out the business for which they were employed.

42. By engaging in the conduct set forth in the foregoing paragraphs, the Defendants negligently breached their duty of care to the Plaintiff.

43. As a result of the Defendants' breach of their duty of care the Plaintiff has been damaged in that his underlying personal injury claim was dismissed with prejudice.

44. The Plaintiff has suffered damages as a result of the Defendants' breach of their duty of care in the amount of $10,000,000.

**WHEREFORE**, these premises considered, the Plaintiff requests judgment against the Defendants jointly and severally in the amount of $10,000,000, plus an award of costs, interest, attorneys fees and such other relief that the Court may deem appropriate and that the ends of justice so require.

### DEMAND FOR JURY TRIAL

Plaintiff, Nikola Blagoev, demands a jury trial in the above captioned matter.

Respectfully Submitted,<br>
Nikola Blagoev<br>
By Counsel<br>
Morgan and Morgan

/s/ Waleed Risheq

_____
Waleed Risheq, Esq.,
VSB #94962
Morgan and Morgan
20 M Street SE Suite 600
Washington, DC 20003
(202) 772-0569
Email: wrisheq@forthepeople.com
Counsel for Plaintiff