

**Nikola Blagoev**
c/o The UPS Store, 338 Jericho Tpke, Syosset, NY 11791
Phone: 631-800-3901
Email: projects@nickblagoev.com

October 20, 2025

Presiding Judge
Clerk's Office
401 Courthouse Square
Alexandria, VA 22314

Re: ***Letter in Opposition to Motion to Withdraw Filed by Plaintiff's Counsel***
*(Case No. 25-cv-740)*

Dear Presiding Judge:

I respectfully submit this letter in opposition to the motion to withdraw filed today, October 20, 2025, by my attorney, Waleed Risheq of Morgan & Morgan, in the above-referenced case. (The motion incorrectly spells my name as 'Nicola Blagoev.' For clarity in the record, my correct legal name is 'Nikola Blagoev.) I previously submitted a letter to the Court on September 15, 2025, formally opposing the then pending withdrawal of counsel. This letter reinforces my continued objection and the substantial risk of prejudice to my rights should withdrawal be permitted at this stage.

Allowing counsel to withdraw at this stage would substantially prejudice my rights and irreparably harm my ability to prosecute this complex federal litigation. Furthermore, Mr. Risheq's neglect and failures (as described below) *place me in the difficult and unfair position of having to defend my own interests while simultaneously attempting to ensure my case advances against opposing counsel. At this critical stage, he is required to zealously and competently represent me, yet his actions have created a rupture in the manner in which the legal system is designed to safeguard a client's right to effective representation*. Granting withdrawal under these circumstances would exacerbate this procedural and substantive harm, materially prejudicing my ability to protect my claims.

As the Court is aware from its September 24, 2025 order, defendants filed a Motion to Dismiss for failure to state a claim and improper venue, and the Court found my attorney's prior explanation for missing deadlines—alleged communication breakdown with me—to be insufficient. The Court granted a brief extension solely to avoid delaying resolution. That order illustrates that the

attorney's own failures, not any "communication breakdown" between him and me, have placed the case at risk. Therefore, that statement he made to the Court to excuse missing the deadline is false. He also never provided me with any of those documents.

Contrary to the claims in his motion, the alleged "fundamental differences" and "irreparable" relationship are entirely the result of **his repeated failures to advance the case**, including:

1. **Failure to notify me** about the defendants' Motion to Dismiss.

2. **Refusal to engage nationally recognized vocational experts**, Kincaid Wolstein Vocational & Rehabilitation Services, whose preliminary analysis showed economic damages alone in the range of $800,000.

3. **Refusal to notify opposing counsel** of this critical expert-supported economic damage information, despite my repeated instructions over the past two months.

4. **Failure to provide me with motions, court orders, and correspondence** critical to my understanding and participation in the case.

5. **Procedural neglect over the past three years**, including failure to retain any experts, failure to take depositions, and taking six months merely to serve the complaint and summons on opposing counsel.

These failures demonstrate the procedural risk to my case and the material prejudice that would result from his withdrawal.

Compounding these deficiencies, over the past 2½ years, Mr. Risheq consistently represented that my case had a potential settlement or court award of $1 million to $3 million or more. However, following the filing in federal court, he took several months to serve the complaint and summons on opposing counsel and subsequently indicated that the case was only worth approximately $100,000—shortly after I sent him a comprehensive email asking whether he has the required expertise to litigate this case successfully in federal court, which he never responded. When presented with Kincaid Wolstein Vocational & Rehabilitation Services' preliminary assessment of my economic damages at nearly $1 million, he stated that he did not care about their conclusions and refused to retain them. Shortly thereafter, he first indicated his desire to withdraw. This sequence of actions demonstrates both a lack of diligent

representation and the material prejudice that would result from his withdrawal at this critical stage.

Because of these failures, no attorney I have contacted will accept representation at this late stage. The case is three years old, involves substantial damages, and is now at a pivotal procedural moment. Withdrawal at this time would leave me unrepresented in federal court, unable to respond to pending motions, unable to engage the experts necessary to substantiate damages, and unable to preserve or pursue my claims in this $10 million matter.

Under **Va. R. Prof. Conduct 1.16(b)**, a lawyer may only withdraw if it can be accomplished without material adverse effect on the client's interests, or for specific other reasons enumerated in the rule. None of those reasons apply here. Accordingly, withdrawal at this stage, when it would materially prejudice my ability to litigate, violates the Rule.

Withdrawal is also constrained by **E.D. Va. L.R. 83.1(G)**, which requires leave of court and consideration of client prejudice.

Allowing withdrawal under the circumstances described above would violate both rules, severely impair my ability to participate in the case, and destroy critical preparation for expert testimony and settlement negotiations.

Given these circumstances, I respectfully request that the Court **deny the motion to withdraw** and require Mr. Risheq to continue representing me through the completion of this case. I further respectfully request that the Court require Mr. Risheq to continue to represent me **zealously and competently**, with the **integrity, fiduciary duty, and professional care he owes me as his client**, honoring the oath he took as an officer of this Court, and to advance this case diligently, including timely engagement of necessary experts, providing me with critical communications and court filings, and pursuing all steps necessary to protect my legal and economic interests.

I appreciate the Court's attention and consideration of this urgent matter.

Respectfully submitted,

Nikola Blagoev
Plaintiff

cc: Waleed Risheq, Morgan & Morgan
    John Morgan, Founder, Morgan & Morgan