IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

NIKOLA BLAGOEV,
    Plaintiff,

v.                                                                                                               Civil No. 3:25cv869 (DJN)

JOSEPH M. KIRCHGESSNER, *et al.*,
    Defendants.

## ORDER
### (Denying Motion to Reconsider and Declining to Appoint Counsel)

This matter comes before the Court on Plaintiff Nikola Blagoev's ("Plaintiff") Motion for Reconsideration of Order Granting Withdrawal of Counsel (ECF No. 18 ("Motion")). For the reasons set forth below, the Court hereby DENIES Plaintiff's Motion (ECF No. 18).

This case was transferred from the Eastern District of Virginia, Alexandria Division, to the Richmond Division on October 21, 2025, after the court found that venue in the Alexandria Division was improper. (ECF No. 16 at 4.) Having reviewed Plaintiff's Motion, the Court finds it meritless for the same reasons set forth in the October 21, 2025 Order granting Plaintiff's counsel's Motion to Withdraw that was entered by United States District Judge Leonie M. Brinkema in the Alexandria Division. (ECF No. 16.) There, the Court concluded that the circumstances of this case favored permitting Plaintiff's counsel to withdraw, as Plaintiff's counsel provided reasonable notice of his intent to withdraw and there was no substantial risk of prejudice to the Plaintiff. (*Id.* at 6.) This Court finds that Plaintiff's circumstances have not changed as to disturb the Alexandria Division's conclusions and therefore denies Plaintiff's request to reconsider that ruling.

Plaintiff also requests this Court to appoint or facilitate counsel. (Motion at 3.) Under 28 U.S.C. § 1915(e)(1), courts may request that an attorney represent a person without the financial

means to pay counsel. The Fourth Circuit has held "that district courts . . . abuse that discretion [to appoint counsel] by declining to do so where the case of an indigent person presents exceptional circumstances." *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (internal citations omitted). To render the latter determination, "a district court must conduct a fact-specific, two-part inquiry to assess whether a case presents exceptional circumstances before it decides whether to appoint counsel." *Id*. First, the Court must consider whether Plaintiff has a cognizable claim for relief. *Id*. And second, the Court must consider "the claim's objective complexity and the plaintiff's subjective abilities, [and] whether the plaintiff lacks the capacity to present it." *Id*. If the Court answers both questions in the affirmative, the case presents exceptional circumstances. *Id*. at 248.

Here, assuming without deciding that Plaintiff states at least one cognizable claim, the Court finds that Plaintiff's Amended Complaint and his various motions since the withdrawal of counsel demonstrate his capacity to adequately present this claim. The Court also observes that the asserted claims — breach of contract as a result of a failure to supervise, as well as a fraud claim — do not evince "objective complexity." In light of these findings, the Court concludes that no "exceptional circumstances" exist in this case that would warrant appointment of counsel and denies Plaintiff's request accordingly.

For all of these reasons, the Court DENIES Plaintiff's Motion (ECF No. 18).

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Alexandria, Virginia
Dated: December 22, 2025