IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NIKOLA BLAGOEV,

   Plaintiff,

v.                                 Case No. 3:25cv869

JOSEPH M. KIRCHGESSNER, ESQ.
and
WOEHRLE DAHLBERG YAO, PLLC

Defendants.

## DEFENDANTS JOSEPH M. KIRCHGESSNER, ESQ. AND WOEHRLE DAHLBERG YAO, PLLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendants Joseph M. Kirchgessner and Woehrle Dahlberg Yao, PLLC (collectively "Defendants"), by counsel, hereby oppose Plaintiff Nikola Blagoev's Motion for Leave to File Second Amended Complaint [Dkt. No. 38] (the "Motion"). In opposing the Motion, Defendants state as follows:

## BACKGROUND

This legal malpractice case arises out of Defendants' representation of Plaintiff in a personal injury lawsuit stemming from an incident and alleged injury that occurred on April 15, 2018. The underlying personal injury action was dismissed with prejudice in state court on September 14, 2021. Plaintiff originally filed this legal malpractice action in state court on or about April 6, 2023. Plaintiff nonsuited the state court legal malpractice action on or about January 23, 2025 and subsequently filed a Complaint in the United States District Court for the Eastern District of Virginia, Alexandria Division, on or about April 30, 2025 [Dkt. No. 1].

On or about August 29, 2025, Defendants filed a Motion to Dismiss and Memorandum in Support pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure [Dkt. No. 7,

8]. By Order dated October 21, 2025, the Honorable Leonie M. Brinkema dismissed Counts II (Statutory Liability for Professional Negligence) and III (Common Law Negligence) of Plaintiff's Complaint, granted Plaintiff's attorney's Motion to Withdraw, and transferred the case to this Court for the adjudication of the one remaining claim (Count I – Breach of Contract). [Dkt. No. 16].

Defendants filed their Answer on November 3, 2025. [Dkt. No. 19]. On November 24, 2025, Plaintiff filed an Amended Complaint ("First Amended Complaint"). The First Amended Complaint contained new defendants and asserted new tort and punitive damages claims [Dkt. No. 22]. On December 3, 2025, Defendants filed a Motion to Strike the First Amended Complaint and a corresponding Memorandum in Support, arguing that Plaintiff needed leave of Court to amend his complaint and add additional defendants. [Dkt. No. 27, 28]. Plaintiff responded by filing a Motion for Judicial Intervention and Memorandum in Support, seeking leave to file his First Amended Complaint as well as sanctions against the Defendants. [Dkt. No. 31, 32]. On December 23, 2025, Defendants filed their Reply Brief in Support of their Motion to Strike the Amended Complaint and Opposition to Motion for Sanctions. [Dkt. No. 37]. As of the date of this Opposition, the Court has not yet ruled on Defendants' Motion to Strike Plaintiff's Amended Complaint or Plaintiff's Motion for Judicial Intervention. Defendants incorporate by reference all of their prior briefing on those motions.

On December 29, 2025, Plaintiff filed the instant Motion for Leave to File Second Amended Complaint and corresponding Memorandum in Support. [Dkt. No. 37, 38]. Although not directly stated, Plaintiff's Motion and Second Amended Complaint suggest that Plaintiff seeks to replace the First Amended Complaint, which Plaintiff filed without consent of Defendants or leave of Court, with the Second Amended Complaint.

The Second Amended Complaint adds three new defendants—Thomas Woehrle and Mark Dahlberg, both of whom are partners at Woehrle, Dahlberg, and Yao, PLLC, and former partner

Adriana Estevez. The operative, original Complaint in this matter contains one claim, for breach of contract (legal malpractice). The proposed Second Amended Complaint contains the following causes of action: Breach of Contract against All Defendants (Count I); Breach of Contract due to Mr. Woehrle's alleged Failure to Supervise (Count II); Breach of Contract due to Mr. Dahlberg's alleged Failure to Supervise (Count III); Breach of Contract due to Ms. Estevez's alleged Failure to Supervise (Count IV); Fraudulent Inducement against All Defendants (Count V); and Fraud against All Defendants (Count VI).

Although Defendants recognize and respect the Court's liberal authority to grant amendments as justice may require, Defendants oppose Plaintiff's Motion to Amend. First, the Second Amended Complaint would be futile. The new factual allegations may be more fully developed and presented to the Court through discovery, pre-trial, and trial procedures in the pending case; a new pleading is unnecessary. Furthermore, Plaintiff's claims against new parties and new tort claims are barred by the statute of limitations.

In addition to being futile, the Second Amended Complaint would prejudice the Defendants, who have already spent considerable time and resources defending the original complaint, and now face new claims against three additional partners, even though the law firm is currently a party before the Court. As such, Defendants respectfully request that this Court deny Plaintiff's Motion for Leave to File the Second Amended Complaint.

**LAW AND ARGUMENT**

"The law is well settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Wallace v. City of Hampton*, No. 2:15-cv-126, 2015 WL 13856526, at *2 (E.D. Va. Aug. 25, 2015) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). "'Although leave to amend should be freely

given when justice so requires, a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse to grant the leave without any justifying reason.'" *Id.* at *2 (quoting *Stanley v. Huntington Nat. Bank*, 492 F. App'x 456, 461 (4th Cir. 2012)). "The Court appropriately denies as futile leave to amend when the statute of limitations bars the new claim." *Hunter v. Dir. of Dep't of Corrections*, No. 3:19-cv-656-HEH, 2020 WL 2374229, at *11 (E.D. Va. May 11, 2020).

I. **The Second Amended Complaint is Futile.**

"With respect to the determination of whether amendment would be futile, the United States Court of Appeals for the Fourth Circuit has stated that an amendment is futile when it 'is clearly insufficient or frivolous on its face.'" *Wilkins v. Wells Fargo Bank, N.A.*, 320 F.R.D. 125, 127 (E.D. Va. 2017) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d. 503, 510 (4th Cir. 1986)). As previously stated, although the additional facts and allegations in Plaintiff's proposed Second Amended Complaint are framed as fraud allegations, they fall within the ambit of the already pending breach of contract claim.

A claim for legal malpractice under Virginia law sounds in contract. "The duty that an attorney must 'exercise a reasonable degree of care, skill and dispatch in rendering the services for which the attorney was employed … *does not arise in tort*, but is an '[i]mplicit' duty arising from the attorney-client 'contractual relationship' so as to be 'contractually implied.'" *Shevlin Smith v. McLaughlin*, 289 Va. 241, 264 (2015) (quoting *Cox v. Geary*, 271 Va. 141, 152 (2006) (emphasis added)). "[L]osses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts." *Filak v. George*, 267 Va. 612, 618 (2004) (citing *Sensenbrenner v. Rust, Orling, & Neale, Architects, Inc.*, 236 Va. 419, 425 (1988)). "The primary consideration underlying tort law is the

protection of persons and property from injury, while the major consideration underlying contract law is the protection of bargained for expectations." *Id*. In the instant case, Plaintiff's relationship with Woehrle Dahlberg Yao and its attorneys was contractual, and all duties arose out of that relationship. Thus, Plaintiff's complaint – that his personal injury case was mishandled and that the mishandling led to its dismissal – stems exclusively from the contractual relationship between him and Defendants.

In *Filak v. George*, the Supreme Court of Virginia upheld the circuit court's granting of a demurrer in a case of alleged fraud by a homeowner against his insurance agent. 267 Va. 612 (2004). The Court held that the insurance agent did not have a common law duty to her clients arising out of the parties' dealings, because "[t]he law of torts provides redress only for the violation of certain common law and statutory duties involving the safety of persons and property, which are imposed to protect the broad interests of society." *Id*. at 619. The same analysis applies here – any duties owed by Woehrle Dahlberg Yao and its employees to Mr. Blagoev stemmed from their contractual relationship. Accordingly, the Plaintiff's request to amend his complaint to add tort claims against these defendants is futile. *See also, e.g., August Mutual Ins. Co. v. Mason*, 274 Va. 199 (2007) (sustaining demurrer to breach of fiduciary duty and fraud claims brought by insurance company against its agent; holding the duties allegedly breached existed solely because of the contractual relationship between the parties); *see also Rahbar v. Law Office of Arquilla & Poe, PLC*, 2019 WL 1575191 at *7-8 (E.D. Va. Apr. 11, 2019 (dismissing client's claims against attorney for negligence, breach of fiduciary duty, fraud, and other torts; holding tort claims were precluded as a matter of Virginia law because the relationship between the parties was contractual).

Defendants acknowledge that, under Virginia law, it is possible to establish both a breach of contract terms and a tortious breach of duty. *See, e.g., Foreign Mission Bd. v. Wade*, 242 Va. 234, 241 (1991). In that instance, though, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Id.* "Where a person who happens to be an attorney engages in conduct that breaches a duty which exists outside of the attorney-client relationship, the client may bring tort claims seeking recompense for the damages caused by that conduct." *Hewlette v. Hovis*, 318 F.Supp.2d 332, 336 (E.D. Va. 2004)(denying defendant's motion to dismiss fraud claim against him after plaintiff alleged that defendant spent the entirety of plaintiff's settlement and arbitration awards). "'[W]hat is relevant is that there are two separate duties that are breached by the same or separate conduct—a duty arising out of the contract and a duty arising out of the common law.'" *Id.* (quoting *Vanguard Military Equiq. v. David B. Finestone Co.*, 6 F. Supp. 2d 488, 493 (E.D. Va. 1997).

Counts V and VI of the proposed Second Amended Complaint allege that Defendants made misrepresentations "concerning their competence, diligence, and ability to prosecute" the underlying personal injury claim. [Dkt. No. 38, Ex. 2, ¶113]. Plaintiff also alleges "concealment" of facts pertaining to the discovery status, motions practice, and release agreements needed to produce certain records pertaining to Plaintiff's personal injury case. [Dkt. No. 38, Ex. 2, ¶¶ 123-124]. All of the alleged instances of fraud arise out of the contractual, attorney-client relationship. The Plaintiff does not plead facts sufficient to establish an independent duty in tort outside of the attorney-client relationship—his grievances with Defendants arise solely out of Mr. Kirschgessner's representation of him. As such, the fraud claims are futile. *See Rahbar*, 2019 WL 1575191 at *7-8 (dismissing tort claims against defendant-attorney because "the only

duties of care implicated by the complaint stem[med] from defendants' professional obligations to [plaintiff] under the retainer agreement, and any alleged violations of those duties must be analyzed through the lens of a malpractice action.")

Plaintiff's proposed Counts V and VI are futile for a separate and independent reason: they are barred by the statute of limitations. "The statute of limitation for fraud in Virginia is two years and accrues when the fraud 'is discovered or by the exercise of due diligence reasonably should have been discovered.'" *Mullins v. Wells Fargo Bank N.A.*, No. 3:16-cv-841, 2017 WL 1202656 at *6 (E.D. Va. Mar. 30, 2017) (quoting VA CODE ANN. §§ 8.01-243, 8.01-249)). Plaintiff's Second Amended Complaint asserts that a demand letter prepared by his malpractice attorney in early 2022 set forth the "full scope" of the alleged wrongdoing and fraudulent misrepresentations. [Dkt. No. 38, Ex. 2, ¶ 88]. Thus, Plaintiff has alleged that he discovered or should have discovered any alleged fraud "in early 2022" at the latest. He did not present his fraud claims to the Court until he filed his Motion for Leave to file the Second Amended Complaint on December 29, 2025.[1] As such, Counts V and VI are time-barred.

The breach of contract claims for "failure to supervise" against Mr. Woehrle (Count II), Mr. Dahlberg (Count III), and Ms. Estevez (Count IV) are also time-barred. Under Virginia law, "actions for legal malpractice are governed by the limitation periods applicable to actions for breach of contract." *MacLellan v. Throckmorton*, 235 Va. 341, 344 (1988). A claim for breach of contract (or legal malpractice) under Virginia law accrues when the alleged breach occurs. VA. CODE ANN. § 8.01-230. The limitations period is five years for breach of a written contract, or three years for breach of an oral contract. VA. CODE ANN. § 8.01-246(2) and (4).

---

[1] Defendants acknowledge that Plaintiff's Amended Complaint contains fraud allegations and was filed on November 24, 2025. Because Plaintiff did not seek leave to file the Amended Complaint and has since filed a Second Amended Complaint, Defendants assert that those allegations are not properly before the Court. Even if this Court were to consider the fraud allegations in the Amended Complaint, they are likewise futile and fall outside the statute of limitations for the same reasons.

Mr. Kirschgessner's and Woehrle Dahlberg Yao, PLLC's representation of Plaintiff ended on September 14, 2021, when Mr. Kirschgessner's Motion to Withdraw was granted and Plaintiff's underlying personal injury case was dismissed with prejudice. There is no written contract of representation here signed by both parties, so Plaintiff's claim is governed by a three-year statute of limitations. *See, e.g., Baserva v. Remes*, No. 1:08-cv-997, 2009 WL1392532 at *1 (E.D. Va. May 18, 2009) ("Under Virginia law, claims for malpractice are subject to a three-year statute of limitations, which begins to run when the alleged malpractice occurs.").[2] Applying the continuing representation rule, which extends the accrual date while the representation is continuing, Plaintiff's legal malpractice claim against Defendants accrued on September 14, 2021, when the representation concluded. *See Keller v. Denny*, 232 Va. 512, 518 (1987). Plaintiff had until September 14, 2024 to bring additional breach of contract claims against Mr. Woehrle, Mr. Dahlberg, and Ms. Estevez. His proposed Second Amended Complaint was not filed until December 2025. For this additional reason, the filing is futile and should not be allowed.

**II.     The Second Amended Complaint is Prejudicial to Defendants.**

Plaintiff's original Complaint states a claim for legal malpractice under a breach of contract theory. This claim was preserved following Judge Brinkema's Order partially granting Defendants' Motion to Dismiss. Denying Plaintiff's Motion for Leave to File Second Amended Complaint will not dispose of Plaintiff's case. The additional factual allegations contained within the Second Amended Complaint fall within the scope of his legal malpractice claim. To the extent that Plaintiff intends to develop and introduce the factual allegations in his Second Amended Complaint, he may do so through the discovery process and at trial.

Further, the Plaintiff has had ample opportunity to include the additional factual allegations in his original Complaint, as many of the facts upon which he relies were available

---

[2] Nor is there a written contract signed individually by the three new defendants Plaintiff seeks to add.

well before he filed his Motion. His initial demand letter was sent, by his own admission, in early 2022. His state court action was filed in April 2023. After the state court malpractice case was nonsuited, Plaintiff had an additional six months to assess the record and revamp his lawsuit before filing his original complaint in this Court (Alexandria Division), in April 2025. Plaintiff and/or his agent (former counsel) have had access to the record for more than three years. There is simply no justification for Plaintiff's delay in asserting these new claims.

It would be prejudicial at this stage in the proceedings to require Defendants to address the additional factual allegations and claims that Plaintiff could have included or presented at the time his legal malpractice action was originally filed in April 2023, or at the time of the commencement of his action in this Court.

## CONCLUSION

For the foregoing reasons, Defendants Joseph M. Kirschgessner, Esq., and Woehrle Dahlberg Yao, PLLC, by counsel, respectfully request that this Court deny Plaintiff's Motion for Leave to file the Second Amended Complaint and award them deemed just and proper.

**JOSEPH M. KIRCHGESSNER, ESQ.
AND WOEHRLE DAHLBERG YAO,
PLLC**

By Counsel

/s/ Julie S. Palmer
Julie S. Palmer (VSB No. 65800)
Laura M. Berry (VSB No. 95697)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jpalmer@hccw.com
lberry@hccw.com

## **C E R T I F I C A T E**

  I hereby certify that a true copy of the foregoing was filed via CM-ECF system, which will give notice to Plaintiff, and was sent via e-mail this 12th day of January, 2026 to:

  Nikola Blagoev
  14311 Reese Blvd W, Ste A2
  Huntersville, NC 28079
  310-579-1753 - Phone
  projects@nickblagoev.com

          /s/ Julie S. Palmer
          Julie S. Palmer